ANTHONY G. ZANAVICH *v.* BOARD OF EDUCATION OF THE CITY OF WATERBURY
(4287)

· DUPONT, C. J., HULL and BORDEN, Js.

Submitted on briefs June 16—decision released August 12, 1986

*William J. Dolan* and *Ronald Cordilico* filed a brief for the appellant (plaintiff).

*Thomas E. Porzio* filed a brief for the appellee (defendant).

BORDEN, J. The plaintiff, a tenured teacher employed by the defendant, the Waterbury board of education,

appeals from the judgment of the trial court dismissing his appeal from the decision of the defendant which terminated his employment. He claims that the court erred in dismissing his appeal because the termination was flawed in three respects: (1) the defendant gave an inadequate written statement of its decision; (2) the defendant improperly imposed on the plaintiff the burden of proof at the termination hearing; and (3) the termination hearing did not comport with basic due process standards. We find error.

The following facts are not in dispute: On March 5, 1979, the plaintiff fell while at work and received work related injuries to his back, neck, elbow and hand. He was still experiencing medical problems in March, 1982, when the defendant gave him a preliminary notice, pursuant to General Statutes § 10-151, that termination of his employment was under consideration. In response to his request for a hearing and for a written statement of the defendant's reasons, the defendant stated as follows: "The reason for such action is insubordination against Reasonable Rules of the Board of Education; failure to report to work without appropriate approval; and other due and sufficient causes." After the hearing, the board gave a written notice to the plaintiff of its decision as follows: "VOTED: That the contract of [the plaintiff] be terminated . . . for the reasons of: insubordination against reasonable Rules of the Board of Education; failure to report to work without appropriate approval for absence; and other due and sufficient cause."

The plaintiff appealed to the trial court, which rejected his claims. This appeal followed.

I

The plaintiff first argues that the board's written statement of the reasons for its actions is constitution-

ally inadequate under *Lee* v. *Board of Education,* 181 Conn. 69, 434 A.2d 333 (1980). We agree.

In *Lee,* the Supreme Court held "that a tenured teacher discharged for cause under General Statutes § 10-151 (b) is entitled, as a matter of constitutional law, to a written statement of the decision reached, the reasons for the determinations, *and a fair summary of the evidence relied on."* (Emphasis added.) Id., 79. Simply and briefly stated, the written statement of the defendant is bereft of any summary of the evidence relied on. It is true that "[t]he statement of reasons and a fair summary of the evidence relied upon need not reflect the polish of a judicial opinion. Reasoned and fair decisionmaking, not technical finesse, is guaranteed by the due process standard of the state and federal constitutions." Id., 80. It is also true that "[c]onclusory language, however, will not suffice." Id. The terse, conclusory written decision of the defendant does not "state . . . the evidence upon which it relied." Id.

Although our resolution of this claim of the plaintiff is dispositive, we also address his other claims. We do so because they are likely to recur at the further proceedings following our remand.

## II

The plaintiff also claims that, at the termination hearing, the defendant erroneously imposed on him the burden of proof as to why he should not be terminated, and that the termination hearing itself failed to meet basic standards of due process. We agree.

It is clear that the defendant had the burden of proving the grounds of termination alleged. *Tucker* v. *Board of Education,* 177 Conn. 572, 576, 418 A.2d 933 (1979). It is also clear that the defendant was "acting in a quasi-judicial capacity"; *Petrowski* v. *Norwich Free Academy,*

199 Conn. 231, 234, 506 A.2d 139 (1986); and that the plaintiff was entitled to "a fair hearing by an impartial panel." Id., 235.

It is difficult to glean from the transcript of the hearing precisely who were the persons hearing the matter and who were the witnesses. Indeed, the face sheet of the transcript indicates that the hearing was held "before" seven named persons, one of whom was the president of the board and two of whom were the superintendent and deputy superintendent of schools.[1] The transcript also indicates that the superintendent and deputy superintendent appeared to testify to facts, despite the fact that they were two of those ostensibly hearing the matter. At the least, their role is unclear from this record.

It is clear, however, that an attorney from the office of the Waterbury corporation counsel appeared for the board to present its case. At the outset of the hearing, the counsel began by "establishing the facts as I see them." He did this, however, not by presenting evidence or documents to the hearing tribunal, but by reciting "facts" about the plaintiff's absence from work and the purported lack of explanation therefor. The counsel then stated: "Now, this hearing is for [the plaintiff] to give just cause, just reason why he refused to work, why he has not responded and why he's been out with no doctor's excuse on record." The plaintiff objected that an undue burden was being placed on him and that the hearing was not fair.

This skewed course was, however, never corrected. From there, the "hearing" degenerated into a free-form discussion which hardly approached a quasi-judicial administrative hearing. There was no orderly presentation of sworn testimony and documentary evidence which the plaintiff could challenge by cross-examination.

[1] Presumably, the other four were members of the board.

Much of the "evidence" came in through the unsworn statements of the board's counsel. Furthermore, it is apparent from the transcript that both he and the board regarded themselves as allies in the same cause. For example, when the plaintiff sought to introduce into evidence a series of medical reports regarding his condition, the chairman of the board stated: "All those reports that you're going to submit to the Board are—I'm going to tell you right now that they will be referred to the Corporation Counsel." An administrative hearing does not have to match the model of a trial in court. See *Pagano* v. *Board of Education,* 4 Conn. App. 1, 9-10, 492 A.2d 197 (1985). It must, however, meet some modicum of orderly and fair procedure. Id. This hearing did not.

There is error, the judgment is set aside and the case is remanded with direction to sustain the plaintiff's appeal and to return the case to the board for further proceedings consistent with this opinion.

In this opinion the other judges concurred.