[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from the decision of the Commissioner of Motor Vehicles (hereafter called "the Commissioner") suspending the plaintiff's motor vehicle operator's license for a period of six months for failure to take a chemical analysis test to determine if he was operating under the influence of alcohol. The date of the incident leading to the plaintiff's arrest was November 16, 1990. Therefore the suspension was based upon Connecticut's implied consent law, section 14-227b of the General Statutes, as amended by Public Act 89-314, section 1, effective January 1, 1990.
Section 14-227b(c) provides that if a person refuses to submit to a chemical test after being arrested for driving under the influence of intoxicating liquor, the police officer may immediately revoke and take possession of his motor vehicle operator's license. After the police officer prepares a report, the Commissioner suspends the operator's license for a period of six months unless a hearing is requested, in which case a hearing is held but is limited to CT Page 4136 four issues: (1) did the police officer have probable cause to arrest the person for operating while under the influence of intoxicating liquor; (2) was the person placed under arrest; (3) did the person refuse to submit to the test or analysis; and (4) was the person operating the motor vehicle. Section 14-227b(f) C.G.S.; Weber v. Muzio, 204 Conn. 521,523; Buckley v. Muzio, 200 Conn. 1, 6.
In this case the plaintiff requested a hearing, the required administrative hearing was held, and over the objection of the plaintiff's attorney the police report of the arresting officer, Connecticut State Trooper John M. Rodia, was made an exhibit. The report was on standard Form A-44. Officer Rodia had not been subpoenaed as a witness and was not at the hearing. The police report indicates that the plaintiff was involved in a motor vehicle accident with a disabled and abandoned motor vehicle that was parked on the right shoulder of Route 25 in Bridgeport. When the officer arrived at the accident scene the plaintiff was in the driver's seat of the car and admitted that he was the operator when the accident occurred. The police officer noticed a very strong odor of alcoholic beverages on the plaintiff's breath when talking with him, and observed beer cans on the floor in front of the car. Johnson had received facial injuries in the collision, and Officer Rodia administered only the horizontal gaze field sobriety test which Johnson failed. Officer Rodia arrested Johnson for driving under the influence of alcohol and failure to drive in the established lane. He was requested to take a chemical test and was given the opportunity to contact an attorney before the test. The procedures used complied with subsection (b) of section 14-227b of the General Statutes.
At the administrative hearing on December 20, 1990 the only evidence presented in support of the license suspension was the police report. The defendant testified and denied that he had been drinking prior to the accident. He admitted that he was arrested, had been given an opportunity to contact an attorney and that he refused to submit to a chemical test. The hearing officer made the four findings required by section 14-227b(f) of the General Statutes based upon the evidence in the police report, and suspended the plaintiff's driver's license for six months.
On appeal the plaintiff makes several claims which can be summarized as follows: (1) the license suspension is not supported by substantial evidence; (2) without the police report, which should not have been admitted at the hearing, there is no substantial evidence to support the findings of the hearing officer; (3) the police report was inadmissible CT Page 4137 hearsay evidence; and (4) admission of the police report deprived the plaintiff of procedural due process because the police officer did not testify under oath at the hearing and was not subject to cross examination.
A person whose motor vehicle operator's license has been suspended under section 14-227b has standing to take an appeal under section 4-183 (a) of the General Statutes, because the suspension adversely affects his specific, personal and legal interest in the driver's license. Tarascio v. Muzio, 40 Conn. Sup. 505, 507.
In an appeal to the courts under section 4-183 the court does not retry the case or substitute its judgment for that of the agency on the weight of the evidence or questions of fact. Section 4-183(j) C.G.S.; Lieberman v. Board of Labor Relations, 216 Conn. 253, 262; Madow v. Muzio,176 Conn. 374, 376; Buckley v. Muzio, supra, 3; C H Enterprises Inc. v. Commissioner of Motor Vehicles,176 Conn. 11, 12. If there is evidence which reasonably supports the Commissioner's decision, it must be upheld. Persico v. Maher, 191 Conn. 3084, 409. Where there is a claim that the agency made an incorrect decision based upon the evidence before it, the court applies the substantial evidence rule, which allows reversal of the decision only if the conclusion reached was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Lawrence v. Kozlowski, 171 Conn. 705, 713; Persico v. Maher, supra, 409. The question on appeal is whether the Commissioner has acted unreasonably, arbitrarily or in abuse of his discretion. Buckley v. Muzio, supra, 3; New Haven v. Freedman of Information Commission, 205 Conn. 767, 773. The substantial evidence rule requires enough evidence to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury. Lawrence v. Kozlowski, supra, 713. Where the administrative determination on the four issues in section 14-227b(f) is reasonably supported by evidence in the report, the decision must be sustained. Clark v. Muzio,40 Conn. Sup. 512, 514, affirmed 14 Conn. App. 212, cert. denied208 Conn. 809. The plaintiff has the burden of proving that the Commissioner, acting on the evidence presented, acted contrary to law and in abuse of his discretion. Demma v. Commissioner of Motor Vehicles, 165 Conn. 15, 16-17.
In this case the findings of the hearing officer that Johnson had been operating the motor vehicle involved in the accident, that he was placed under arrest and that he refused to submit to a chemical test is support by both the police officer's report and the defendant's own admissions at the CT Page 4138 hearing. While the defendant claimed that he had not been drinking at the time of the collision, the police officer concluded otherwise, as stated in his report. In evaluating whether the conclusions reached meet the substantial evidence standard, the credibility of witnesses is a matter within the province of the agency. Lieb v. Board of Examiners for Nursing, 177 Conn. 78, 86; Briggs v. State Employees Retirement Commissions, 13 Conn. App. 477, 482. Officer Rodia noticed a strong odor of alcohol from the defendant, and observed beer cans in the car. He noted in his report Johnson's inability to touch the tip of the officer's pen when requested, and failure of the horizontal gaze field test. Johnson's actions gave the officer probable cause to arrest Johnson for operating a motor vehicle while under the influence of alcohol.
The amount of evidence required to establish probable cause must exceed mere suspicion, but it is substantially less than that required for a conviction. State v. Patterson, 213 Conn. 708, 720. The hearing officer could reasonably conclude that the evidence in the police report supported a finding of probable cause for the officer to arrest Johnson for operating a motor vehicle under the influence of alcohol. On review, the court only determines if there is substantial evidence in the administrative record to support the agency's findings of fact and whether the conclusions drawn from those facts are reasonable. Connecticut Light Power Co v. DPUC, 216 Conn. 627, 639. "Substantial evidence" exists if the administrative record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. Id., 639, 640. Unless admission of the police report was improper, the Commissioner's finding is reasonably supported by the evidence in the record and must be sustained. Clark v. Muzio, supra, 514.
The plaintiff claims that the report should have not been admitted at the hearing because it was hearsay evidence and the officer that prepared the report was not available for cross examination. There is a related challenge that admission of the report violated Johnson's constitutional rights to procedural due process. The decision of an administrative agency can be set aside if it is in violation of constitutional provisions or made upon unlawful procedure. Section 4-183(j)(1) and (3) C.G.S. There was also a claim that the report should not have been admitted at the hearing because it was not properly sworn to by the officer who prepared the written report of the operator's refusal to take the test as provided in section 14-227b(c) C.G.S. There is no merit to this claim. Page one of the report on the A-44 CT Page 4139 form states that the statements and information in the report are sworn to under penalty of false statement, and section H on page two of the report contains an oath, signed by Officer Rodia followed by the signature of another officer as the person administering the oath. This complies with the statutory requirement. See Lee v. DelPonte, number 295208, New Haven Judicial District, September 17, 1990 (Zoarski, J.). Moreover, this issue was not raised at the license suspension hearing, which prevents it from being raised as an issue on appeal in the Superior Court. Volck v. Muzio,204 Conn. 508, 518.
The plaintiff claims that his license should not be revoked solely on the police report since it was hearsay evidence not tested by cross examination of the police officer at the hearing. Aside from procedural due process considerations, administrative agencies are not bound by rules of evidence which apply at a trial, and can consider evidence which may be inadmissible in a judicial proceeding, as long as the evidence is reliable and probative. Lawrence v. Kozlowski, supra, 710; Balch Pontiac-Buick, Inc. v. Commissioner of Motor Vehicles, 165 Conn. 559, 570. There is also no specific prohibition against hearsay evidence in the Uniform Administrative Procedures Act (UAPA). Cassella v. Civil Service Commission, 4 Conn. App. 359, 362, affirmed202 Conn. 28; Tomlin v. Personnel Appeal Board, 177 Conn. 344,348. Limitations on the introduction of hearsay evidence is an evidentiary rule, and the legislature can create exceptions to this rule by statute, as it has done in numerous areas. In Volck v. Muzio, supra, 518, our Supreme Court recognized that the evident purpose of having the police report sworn to by the police officer was to provide a sufficient indication of reliability so that the report can be introduced into evidence as an exception to the hearsay rule in license suspension proceedings without the necessity of producing the arresting officer. The regulations of the motor vehicle department for suspension of motor vehicle operator's licenses also have a regulation on this subject. There is a specific provision for the receipt into evidence of the police report prepared based on section 14-227b(c): "The written report filed by the arresting officer shall be admissible into evidence at the hearing if it conforms to the requirements of section 14-227b(c) of the General Statutes." Regulations, Conn. State Agencies, section 14-227b-19. A specific provision would prevail over any general provisions in the regulations of the Department of Motor Vehicles. Admitting the police report into evidence without having the arresting officer present did not violate any statutory provisions in either the motor vehicle statutes or the UAPA or any regulations of the Department of Motor Vehicles. CT Page 4140 While there can be a problem with admitting other hearsay evidence in a motor vehicle license revocation proceeding, Carlson v. Kozlowski, 172 Conn. 263, 267, the A-44 form is admissible even though its contents are hearsay. Volck v. Muzio, supra, 518.
Admissibility of evidence under a statute or administrative regulation does not dispose of the claim that admitting the report without cross examination deprives the license holder of procedural due process. A motor vehicle operator's license cannot be suspended without giving the holder the procedural due process required by the Fourteenth Amendment. Bell v. Burson, 402 U.S. 535, 539; Lawrence v. Kozlowski, supra, 716 n. 8. Where the concept of due process applies, the next question is what process is due. Bartlett v. Krause, 209 Conn. 352, 369. One requirement for a successful due process violation claim is that the deprivation of the property interest has occurred without due process of law. Double I Limited Partnership v. Plan 
Zoning Commission, 218 Conn. 65, 76. In Mackey v. Montrym,442 U.S. 1 (1979) a Massachusetts statute similar to the Connecticut implied consent law allowing suspension of a license prior to a hearing was upheld, indicating that cross examination of the arresting officer is not guaranteed in all cases.
"Due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481; State v. Floyd, 217 Conn. 73,88. The procedure involved must be appropriate to the nature of the case. Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, 165 Conn. 42, 45. Due process of law in an administrative hearing requires an opportunity to know the facts upon which the agency is asked to act, to cross examine witnesses and to offer rebuttal evidence. Cassella v. Civil Service Commission, supra, 363; Lawrence v. Kozlowski, supra, 717n; Zanavich v. Board of Education, 8 Conn. App. 508, 511,512. There is a failure of due process when either notice of the proceeding or the hearing has been so defective that a party has not been reasonably apprised of nor had the opportunity to contest the charges against him. Hart Twin Volvo Corporation v. Commissioner of Motor Vehicles, supra, 46.
The plaintiff was informed in the notice of the hearing dated December 7, 1990 that "at the hearing the report submitted by the arresting officer Form A-44 shall be offered in evidence by the Commissioner." This gave the plaintiff notice that the Commissioner intended to rely upon the officer's report. There is no evidence here that the CT Page 4141 plaintiff's attorney requested the attendance of the arresting officer or made any effort to subpoena him as a witness by using section 51-85 of the General Statutes. The defendant did not deprive the plaintiff of the opportunity for cross examination. Even though "due process requires an opportunity to confront and cross examine adverse witnesses" where an administrative proceeding affects property rights, Rosenberg v. Kelly, 397 U.S. 354, 369, this does not mean that an administrative agency must provide for the presence of a witness at a hearing as a prerequisite for introducing the witness' report into evidence. The plaintiff had notice that the report would be used at the hearing. A procedural due process argument of lack of opportunity to cross examine witnesses fails or is severely undercut when the claimant did not exercise the right to subpoena the witness to the hearing in order to create an opportunity for cross examination. Welch v. Zoning Board of Appeals, 158 Conn. 208, 213; Richardson v. Perales, 402 U.S. 389, 402; Cassella v. Civil Service Commission, supra, 364; Altholtz v. Dental Commission, 4 Conn. App. 307, 312. See also Carlson v. Kozlowski, supra, 267. Other Superior Court decisions reviewing the issue here have concluded that there is no deprivation of the due process opportunity for cross examination when the police officer's report is admitted into evidence, but no subpoena was issued to require his attendance at the hearing. Dowling v. Commissioner of Motor Vehicles, 4 Ct. Law Rptr. 26 (1991) (Barnett, J.); Draicchio v. Commissioner of Motor Vehicles, Superior Court at New Haven, number 295421, December 6, 1990 (O'Keefe, J.). Finally, as previously noted, introduction of the report did not violate the UAPA. Procedures of the UAPA for contested cases exceed the minimum procedural safeguards mandated by the due process clause. Levinson v. Board of Chiropractic Examiners, 211 Conn. 508, 531.
The appeal is dismissed.
ROBERT A. FULLER, JUDGE