[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Adele M. Cooke appeals a decision of the defendant Norwalk board of education terminating her employment as a tenured school teacher. The defendant's action was taken pursuant to General Statutes § 10-151 (d). This appeal is brought pursuant to General Statutes § 10-151 (f). The court finds the CT Page 5846 issues for the defendant.
The following facts are not in dispute. The plaintiff is a tenure teacher who has been employed by the defendant Norwalk board of education since 1979. By letter dated June 2, 1992, Ralph E. Sloan, the Norwalk superintendent of Schools, informed the plaintiff that he intended to recommend that the defendant board of education vote at its June 16, 1992 meeting to give the plaintiff written notice that termination of her contract is under consideration. On June 16, 1992, the defendant board of education voted to consider termination of the plaintiff's employment contract. The plaintiff filed a request for a hearing on June 26, 1992 and a hearing on the matter was held over eight days: April 27, May 12, May 18, May 19, June 8, June 9, June 15, and July 6, 1993. On June 14, 1993, the defendant board of education voted to terminate the employment contract of the plaintiff on the grounds of "inefficiency and incompetence."
The instant appeal against the defendant board of education was filed by the plaintiff on August 6, 1993. Also named as defendants were Teresa P. Quell in her capacity as chairperson of the Norwalk board of education and Richard Fuller in his capacity as a member of the board of education.
The defendant board of education issued a written decision dated July 15, 1993 which contains specific findings of fact and conclusions. The board of education found that the plaintiff had been continuously employed as a teacher in the Norwalk public schools since the 1979-80 school year. For most of her teaching career, the plaintiff served as an English teacher at Norwalk High School.
Beginning with the 1980-81 school year, Richard Follman, a house master at Norwalk High School evaluated the plaintiff's job performance and expressed concerns with her classroom management. These concerns included a lack of classroom control, a failure to engage students efficiently in the classroom learning process, a lack of closure to classroom activities and an inability to adjust classroom instruction according to student needs.
During the 1981-82 school year, the school administration continued to observe deficiencies in the plaintiff's job performance. The deficiencies involved poor classroom management and were the same or similar to those noted the previous school year. CT Page 5847
The school administration informed the plaintiff of its concerns and offered assistance in correcting the problems. Despite the administration's suggestions for improvement and offers of assistance, the deficiencies continued.
The defendant board of education further found that the school administration continued to observe the plaintiff's teaching performance and make recommendations for improvement from September 1982 to May 1988. However, the school administration did consider the job performance evaluation procedures in effect during this period to be a meaningful mechanism for improving teacher performance.
A new evaluation process was adopted in 1989. During 1989-90 school year, the plaintiff was placed in the "intervention" stage of the teacher evaluation process because of continuing deficiencies in her performance. The intervention stage involves intensive ongoing supervision by trained school administrator includes a plan for improvement.
The intervention process continued during the 1990-91 school year. The plaintiff's performance was observed and evaluated during this time period. The same deficiencies and concerns expressed in previous reports were noted.
As a result of the plaintiff's job performance deficiencies Norwalk High School, the plaintiff was transferred to Nathan Hale Middle School for the 1991-92 school year to serve as a sixth grade language arts teacher. The school administration hoped that the team structure at the middle school would help the plaintiff improve her performance. Because of the plaintiff's new assignment, the plaintiff was removed from the intervention stage and placed in a less intensive support phase of the evaluation process.
On May 4, 1992, Mary A. Fitzgerald, supervisor of language arts, observed the plaintiff's class at Nathan Hale Middle School. Fitzgerald concluded that the class was chaotic and worse than the plaintiff's high school classes previously observed by Fitzgerald. Fitzgerald concluded that the plaintiff's performance, in terms of classroom management, was the worst she had ever observed.
On May 24, 1992, a meeting was held with administration personnel and the plaintiff. The administration staff concluded CT Page 5848 that an additional round of intervention would not be productive in light of the plaintiff's continuing refusal to accept constructive criticism.
The defendant board of education further found that, since the adoption in 1989 of the current teacher evaluation process, the plaintiff had consistently failed to meet the following indicators of effective performance: "management of classroom environment"; "instruction" with regard to her failure to create a structure of learning; and "assessment" with a regard to her failure to monitor students' understanding of the lesson and to adjust teaching when appropriate. The defendant board of education further found that the plaintiff's refusal to acknowledge deficiencies and accept constructive criticism severely hindered the school administration's efforts to assist her in improving performance.
The defendant board of education concluded that the plaintiff's contract of employment should be terminated for "inefficiency or incompetence" as provided by General Statutes § 10-151
(d).
As previously noted, the evidentiary hearing on the proposed termination of the plaintiff's employment contract was held over eight days from April 27, 1993 through July 6, 1993. The hearing ended on July 6, 1993 after the school administration completed the presentation of its case in favor of termination because the plaintiff and her attorney did not appear on that date for the presentation of her case.
The record indicates that, on June 29, 1993, the plaintiff's attorney faxed a letter to attorney Thomas Sullivan, the attorney for the Norwalk board of education, stating that he and the plaintiff would not attend and not participate in the hearing scheduled for July 6 and 7, 1993. The plaintiff's attorney stated that they would not be present because a copy of the transcript of the hearing previously held on May 18, 1993 had not been delivered on June 25, 1993 as promised by the stenographer. The letter asserted that the transcript was not received until June 28, 1993 while the plaintiff's attorney was on vacation.
The defendant's attorney faxed a reply to the plaintiff's attorney stating that the board of education intended to proceed with the hearing as scheduled and that the plaintiff and her attorney were expected to be in attendance and prepared to proceed. The defendant's attorney suggested that the plaintiff's attorney CT Page 5849 attend the hearing scheduled for July 6 and request a continuance.
On July 2, 1993, the plaintiff's attorney faxed another letter reaffirming his earlier statement that neither he nor the plaintiff would be present for the July 6 or July 7 hearing. He further stated that they would not attend further hearings until the transcripts of all the testimony to date had been delivered and he had an adequate time to review them. Neither the plaintiff nor her attorney attended the hearing on July 6, 1993.
The plaintiff claims that the defendant board of education unconstitutionally deprived the plaintiff of property without due process of law and that the decision of the defendant is not supported by reliable and substantial evidence.[1] The court has carefully considered both of these claims and determines that they are without merit.
The employment contract of a teacher who has attained tenure may only be terminated for due and sufficient cause. General Statute § 10-151 (d). The defendant board of education has the burden of proving the grounds for termination. Zanavich v. TheBoard of Education, 8 Conn. App. 508, 510 (1986).
The applicable standard governing appeals under General Statute § 10-151 (f) is for the court to determine whether the appropriate statutory and constitutional procedures were used and whether the evidence relied upon by the board of education was reliable and substantial and, if believed, sufficient to establish cause under the statute. Lee v. The Board of Education, 181 Conn. 69,81 (1980).
"Our function in reviewing the action of the board pursuant to section 10-151 (f) is to determine whether the board has acted illegally and not to substitute our judgement for that of the board." Rado v. The Board of Education, 216 Conn. 541, 555 (1990). "Thus, on review of a school board decision, it is not the function of the trial court . . . to retry the cause. The defendant board is an administrative agency, although it acts in a quasi judicial capacity. To render a decision, it must weigh evidence and reach conclusions . . . The credibility of witnesses and its determination of issues of fact are matters within its province." (Citations omitted; internal quotation marks omitted). Tomlinson v. Board ofEducation, 226 Conn. 704, 713 (1993).
The plaintiff claims that the defendant violated her CT Page 5850 constitutional right not to be deprived of property without due process of law. The plaintiff proffers two aspects of the administrative hearing procedure which she asserts violate due process: (1) the refusal of the defendant to postpone the hearing until she had received and reviewed transcripts of previous hearings and (2) the partiality toward the school administration of the officer presiding at the hearing.
The plaintiff's statutory right to employment under General Statutes § 10-151 (b) constituted a property interest. The plaintiff could only be deprived of her property interest in employment through procedures that comply with due process of law. Rado v.The Board of Education of the Borough of Naugatuck, 216 Conn. 541,555 (1990).
The Connecticut Supreme Court has recognized that both the due process clause of the fourteenth amendment to the United States constitution;[2] Petrowski v. Norwich Free Academy, 199 Conn. 231,234 (1986), and the due process clause of article first, section 8
of the Connecticut constitution;[3] Lacroix v. The Board ofEducation, 70, 80 (1986), protect a tenured teacher's right to continued employment.
Constitutional principles underlying due process mandate that the plaintiff be given "an opportunity for a meaningful hearing to contest the termination . . ." (Emphasis supplied). Lacroix v. TheBoard of Education, 199 Conn. 70, 85 (1986). The precise parameters of the procedures due vary with the facts and circumstances at hand. "`Due process' unlike some legal rules is not a technical conception with a fixed content unrelated to time, place and circumstances. Instead, due process is a flexible principle that calls for such procedural protection as the particular situation demands." (Citations omitted). Lee v. TheBoard of Education, 181 Conn. 69, 73 (1980).
The factors first enunciated by the United States Supreme Court in Matthews v. Eldridge, 424 U.S. 319, 334-335 (1976) are well established as the starting point for determining what process is due. "[O]ur . . . prior decisions indicate that identification of the specific dictates of due process generally requires consideration of three distinct factors: first, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of suck interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the government's CT Page 5851 interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirement would entail." See also Lee v. The Board of Education,181 Conn. 69, 73-74 (1980).
The private interest that will be affected by the official action is substantial. At issue is the plaintiff's continued employment in her chosen profession. The plaintiff's reputation is also involved in the administrative hearing in light of the school administration's accusations or incompetence.
After reviewing the process used by the defendant at the administrative hearing, this court finds them unconstitutionally sufficient to protect the substantial property and liberty interests at stake. An extensive administrative hearing was held over the course of eight days. The full membership of the defendant board of education heard the evidence and rendered the decision. The plaintiff was present and represented by counsel for all but the final day of the hearing. The plaintiff had the right to confront and cross-examine the witnesses against her. The plaintiff also had the right and the opportunity to present evidence in her defense. A transcript was made of the entire proceedings. In light of the procedures used to adjudicate the issue of the plaintiff's continued employment, the risk of an erroneous deprivation was minimal.
The requirement asserted by the plaintiff that all transcripts of previous hearing dates be provided before the hearing can continue would add little or nothing of value to the process. The plaintiff and her attorney were present during each day of the hearing. They knew exactly the testimony of each witness.
The statute governing termination hearings before a board of education provides that "a copy of a transcript of the proceedings of the hearings shall be furnished by the board of education, upon written request by the teacher within 15 days after the board's decision, provided the teacher shall assume the cost of any such copy." General Statutes § 10-151(d). Daily transcripts are not statutorily required.
Such a requirement would impose a significant burden and cost on the board of education with little resulting result. Expedited transcripts are substantially more expensive. Daily transcripts may also prove difficult to obtain since hearings before boards of education are frequently held in the evening when the stenographer CT Page 5852 would usually be expected to type the transcripts. The very facts of this case substantiate the difficulty often experienced in receiving expedited transcripts.
Both the United States and Connecticut constitutions require that the defendant be given a meaningful opportunity to be heard. She had that opportunity. She voluntarily chose not to take full advantage of it.
The plaintiff has asserted that the transcript of the hearing held on May 18, 1993 was essential for her to proceed with the hearing scheduled for July 6th. However, she did not assert in her letters to the board of education and she has not cited to this court any way in which she has been prejudiced by the lack of a transcript.
Moreover, the plaintiff in fact received a copy of the transcript of the May 18th hearing prior to the hearing held on July 6, 1993. A copy of the transcript was delivered to the office of the plaintiff's attorney on June 28, 1993, a full eight days prior to the July 6, 1993 hearing.[4]
Finally, the appropriate procedure for bringing the issue before the defendant board of education would have been by requesting a continuance. As the adjudicating tribunal, the defendant should have been given the opportunity to determine whether a delay in the proceedings was warranted. The plaintiff never requested a continuance. Rather, she made the unilateral decision not to attend the July 6th hearing.[5]
It is within the discretionary authority of the board of education as the adjudicating tribunal to organize its hearing schedule. See Concerned Citizens of Sterling v. Connecticut CitingCouncil, 215 Conn. 474 (1990). The plaintiff cannot usurp that authority by simply refusing to attend a previously scheduled hearing.
The plaintiff also claims that the procedures utilized by the defendant board of education failed to comport with due process because the officer presiding at the hearing was not impartial.[6]
The plaintiff cites the following actions by the presiding officer as evidence of his partiality: (1) the admission into evidence of the file maintained by Richard Follman; (2) the admission of hearsay evidence; (3) repeated interruptions of plaintiff's counsel. CT Page 5853
Due process unquestionably requires that the hearing to which the plaintiff is entitled be conducted by an impartial decision maker. Petrowski v. Norwich Free Academy, 199 Conn. 231, 234
(1986). "At the core of due process is the requirement of an impartial tribunal." Rado v. The Board of Education, 216 Conn. 541,556 (1990).
This court has read the transcripts of the administrative hearing and does not find that the record supports the plaintiff's claim that the presiding officer at the hearing was partial to the school administration. Although the plaintiff characterizes the file maintained by Richard Follman as a "secret file", the evidence introduced before the board of education at the administrative hearing indicates that the plaintiff knew of the existence of the file and had a right of access to it upon request. Hearing Transcript, Volume I, pp. 56-57.
The plaintiff's complaint that the presiding officer was partial because he admitted hearsay testimony is unfounded. Hearsay evidence is admissible in an administrative hearing provided it is reliable and probative. Adriani v. The Commissionof Human Rights and Opportunities, 220 Conn. 307, 319 n. 11 (1991). The presiding officer specifically ruled that only hearsay evidence which had been substantiated through the testimony of witnesses or corroborated through other sources would be considered by the board of education. Hearing Transcript, Volume I, page 67.
The record also does not support the plaintiff's claims that the presiding officer "repeatedly interrupted" plaintiff's attorney, suggested objections to the attorney or the school administration and insisted upon proof of relevancy in order to alert administrative witnesses. Plaintiff's brief at page 14. The presiding officer's interruptions of plaintiff's counsel were very few in light of the length of the hearing and never inappropriate. The occasions that the presiding officer requested proof of relevancy were limited to situations when the attorney for the school administration objected to the plaintiff's cross-examination on those grounds. The presiding officer had a duty to ensure that the plaintiff's cross-examination was relevant to the proceedings before the defendant. See Conley v. The Board of Education,143 Conn. 488, 495 (1956).
The plaintiff has also asserted as grounds for this appeal the lack of reliable and substantial evidence to support the defendant CT Page 5854 board of education's decision to terminate the plaintiff's employment.
The defendant board of education determined that the plaintiff's contract should be terminated for "inefficiency and incompetence" in accordance with General Statute § 10-151 (d). The defendant board of education specifically found that the plaintiff failed to properly manage the classroom environment, failed to create a structure for learning, failed to monitor her students' understanding of the lesson and failed to adjust her teaching when appropriate. The defendant board of education also found that the plaintiff refused to acknowledge these deficiencies and refused to accept constructive criticism which severely hampered the school administration's efforts to assist her in improving her performance.
The defendant board of education's findings and conclusion are amply supported by evidence in the record. Richard Follman, the house master, Mary- Alice Fitzgerald, a language arts supervisor, Susan Moore, a language arts supervisor, and Frank Slack, the department chairman, all testified at the hearing that they had observed the plaintiff during class and found substantial deficiencies in her job performance. Follman, Fitzgerald, Moore and Slack also testified that the plaintiff repeatedly refused to recognize any problems with her job performance and resisted offers of assistance. Substantial documentary evidence, including written observations, progress reports, evaluation reports and correspondence, which substantiated the school administration's concerns with the plaintiff's competency was also received by the defendant at the hearing.
The defendant board of education is given the authority by statute to terminate the contract of employment of a tenured teacher for inefficiency or incompetence. General Statutes § 10-151 (d). The board of education has the right and the duty to insure that its teachers can teach effectively. "It is axiomatic that schools can be no better than the teachers employed in them. A board has the right to demand that a teacher know his subject and that he be capable of arousing and holding the interest of his pupils and maintaining discipline." Conley v. Board of Education,143 Conn. 488, 497 (1956).
The decision of the defendant board of education is based on reliable and substantial evidence and the process used by the defendant to reach its decision complies with constitutional CT Page 5855 principles.
The plaintiff's appeal is dismissed.
JON M. ALANDER, J.